Bergan, J. (dissenting).
Whether acts charged as constituting economic duress produce or do not produce the damaging effect attributed to them is normally a routine type of factual issue.
Here the fact question was resolved against Loral both by the Special Term and by the affirmance at the Appellate Division. It should not be open for different resolution here.
In summarizing the Special Term’s decision and its own, the Appellate Division decided that " the conclusion that Loral acted deliberately and voluntarily, without being under immediate pressure of incurring severe business reverses, precludes a recovery on the theory of economic duress ” (35 A D 2d 387, 391).
When the testimony of the witnesses who actually took part in the negotiations for the two disputing parties is examined, sharp conflicts of fact emerge. Under Austin’s version the request for a renegotiation of the existing contract was based on Austin’s contention that Loral had failed to carry out an understanding as to the items to be furnished under that contract and this was the source of dissatisfaction which led both to a revision of the existing agreement and to entering into a new one.
This is not necessarily and as a matter of law to be held economic duress. On this appeal it is needful to look at the facts resolved in favor of Austin most favorably to that party. Austin’s version of events was that a threat was not made but rather a request to accommodate the closing of its plant for a customary vacation period in accordance with the general understanding of the parties.
Moreover, critical to the issue of economic duress was the availability of alternative suppliers to the purchaser Loral. The demonstration is replete in the direct testimony of Austin’s witnesses and on cross-examination of Loral’s principal and purchasing agent that the availability of practical alternatives was a highly controverted issue of fact. On that issue of fact the *135 explicit findings made by the Special Referee were affirmed by the Appellate Division. Nor is the issue of fact made the less so by assertion that the facts are undisputed and that only the application of equally undisputed rules of law is involved.
Austin asserted and Loral admitted on cross-examination that there were many suppliers listed in a trade registry but that Loral chose to rely only on those who had in the past come to them for orders and with whom they were familiar. It was, therefore, at least a fair issue of fact whether under the circumstances such conduct was reasonable and made what might otherwise have been a commercially understandable renegotiation an exercise of duress.
The order should be affirmed.
Judges Burke, Scileppi and Gibson concur with Chief Judge Fuld ; Judge Bergan dissents and votes to affirm in a separate opinion in which Judges Breitel and Jasen concur.
Ordered accordingly.